IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JUDITH D. WARD,

        Petitioner,

v.                                                Civil Action No. 3:08CV86
                                                Criminal Action No. 3:07CR30
                                                (JUDGE BAILEY)

UNITED STATES OF AMERICA,

        Respondent.

## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED

### I. INTRODUCTION

On May 12, 2008, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.[1] The Court ordered the Government to respond on July 30, 2008.[2] The Government filed its Response of the United States to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 on August 14, 2008.[3] Petitioner never filed a Reply.

### II. FACTS

**A.**     **Conviction and Sentence**

On November 27, 2006, petitioner signed a plea agreement by which she agreed to plead guilty to 5 counts of Aiding in the Preparation of a Fraudulent Tax Return, in violation of Title 26, United States Code, Section 7206(2). In the plea agreement, the defendant waived her right

---

[1] Docket No. 47

[2] Docket No. 56

[3] Docket No. 58

to have the case presented to a Federal Grand Jury, pleading, instead, to an Information. The parties stipulated to a total relevant conduct of between $80,000.00 and $200,000.00. Additionally, the petitioner waived her right to appeal and to collaterally attack her sentence. Specifically, the petitioner's plea agreement contained the following language regarding her waiver:

> 11. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, Defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or in the manner in which that sentence was determined) including any enhancements under U.S.S.G. § 4B1.1, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. Defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. United States waives the right to appeal Defendant's sentence. The parties have the right during any appeal to argue in support of the sentence. Defendant waives any right to have facts that determine her offense level (including facts supporting specific offense characteristics or other adjustments) alleged in an indictment or information and agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence. Defendant further agrees to waive the right to request or raise the issue of D.N.A. testing in any post-conviction proceeding under Title 18, United States Code, Section 3600, or in conjunction with any other collateral challenge to the conviction.

On May 3, 2007, the petitioner entered her plea in open court. Petitioner was 61 years old and completed the eleventh grade. (Plea transcript p. 4). Petitioner stated she understood and agreed with all the terms and conditions of the plea agreement. (Id. at 10-11). The Court specifically asked if petitioner understood the waiver of appellate rights. (Id. at 11 & 15).

2

However, the court did not ascertain petitioner's understanding that she was waiving her right to seek post conviction relief by filing a habeas corpus petition under Title 28, United States Code, Section 2255. The Court asked petitioner's counsel if she believed petitioner understood the waiver of appellate rights, and counsel responded that she did. (Id. at 11). The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 15-17). During the plea hearing, the Government presented the testimony of Tammy Devericks, Special Agent, Internal Revenue Service to establish a factual basis for the plea. (Id. 17-24). The petitioner did not contest the factual basis of the plea. (Id. at 24).

After the Government presented the factual basis of the plea, the petitioner advised the Court that she was guilty of all five Counts of the Information filed against her. (Id.). The petitioner further stated, under oath, that no one had attempted to force her to plead guilty, and that she was pleading guilty of her own free will. (Id. at 24-25). In addition, she testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id. at 25). The petitioner testified that her attorney had adequately represented her, and that her attorney had left nothing undone. (Id.). Finally, petitioner said she was in fact guilty of the crime to which she was pleading guilty. (Id. at 25-26).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the five counts were established beyond a reasonable doubt. (Id. at 26). The petitioner did not object to the Court's finding.

On September 17, 2007, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and

the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 18 months incarceration and 1 year supervised release. (Sentencing transcript p. 41-45).

**B.     Appeal**

Petitioner filed an appeal with the United States Court of Appeals for the Fourth Circuit challenging her conviction and sentence. Petitioner's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), which questioned whether her appellate waiver was valid and enforceable, whether the sentence was unreasonable, whether counsel rendered ineffective assistance, and whether the District Court erred in accepting her guilty plea.

By per curiam opinion dated April 3, 2008, the United States Court of Appeals for the Fourth Circuit held that petitioner's waiver of the right to appeal the reasonableness of her sentence was enforceable. See United States v. Ward, 2008 WL 906012 at *1 (C.A.4 (W.Va.)). The Fourth Circuit found no meritorious issues for appeal, and dismissed petitioners claim of ineffective assistance of counsel, noting that such a claim is best brought on collateral attack. Id.

**C.     Federal Habeas Corpus**

On May 12, 2008 petitioner initiated this Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.

The petitioner contends that her counsel rendered ineffective assistance because counsel advised her to plead guilty which made petitioner feel pressure to plead against her will. Petitioner also claims that her Sixth Amendment rights were violated because counsel did not timely inform her of her right to file a petition for rehearing and her right to "file with the Supreme Court of the United States." Petitioner requests that she be permitted to withdraw her guilty plea.

The Government contends that petitioner's claims lack merit because petitioner:

4

     1. waived her right to appeal and file a collateral attack,

     2. does not offer any evidence of counsel's ineffectiveness, and

     3. does not meet the burden to withdraw her plea.

**D.** **Recommendation**

Based upon a review of the record, the undersigned recommends that petitioner's Motion Under 28 U.S.C. § 2255 be denied and dismissed from the docket because petitioners claims lack merit.

### III. ANALYSIS

**A.** **Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

**B.** **Procedural Default**

The Court finds petitioner is not procedurally barred from raising claims of ineffective assistance of counsel in her present § 2255 motion. It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1)

"cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

**C.     Waiver**

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." Attar, 38 F.3d at 731. The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited

6

grounds. Id. at 732. For example, the Court noted that a defendant "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in United States v. Lemaster, supra, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220. Therefore, like waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although, the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

Based on these cases, it appears that ineffective assistance of counsel claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. Lemaster, 403 F.3d at 732 (it cannot be fairly said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance

with constitutional limitations.")

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted).

In other words, the Court must examine the actual waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. Id. If the Court finds that the waiver is valid, any ineffective assistance of counsel claims arising prior to the plea agreement are barred by the waiver.

As to any ineffective assistance of counsel claims made regarding an attorney's action, or lack thereof, after the plea agreement, the Fourth Circuit has stated, "[w]e do not think the general waiver of the right to challenge" a sentence on the ground that "the proceedings following entry of the guilty plea – including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas – were conducted in violation of their Sixth Amendment right to counsel." Lemaster, 403 F.3d at 732-33. Therefore, upon first blush it appears that ineffective assistance of counsel claims arising after the guilty plea and/or during

8

sentencing, are not barred by a general waiver-of appeal rights.

However, several courts have distinguished ineffective assistance of counsel claims raised in a § 2255 case, from those raised on direct appeal. In Braxton v. United States, 358 F.Supp.2d 497 (W.D Va. 2005), the Western District of Virginia noted that although the Fourth Circuit has yet to define the scope of waiver of collateral rights, several courts have held that § 2255 waivers should be subject to the same conditions and exceptions applicable to waivers of the right to file a direct appeal. Braxton, 358 F.Supp. 2d at 502 (citing United States v. Cannady, 283 F.3d 641,645 n. 3 (4th Cir. 2000) (collecting cases); Butler v. United States, 173 F.Supp.2d 489, 493 (E.D. Va. 2001)). Nonetheless, the Western District of Virginia, distinguished the types of ineffective assistance of counsel claims available on direct appeal from those available in a § 2255 motion. Specifically, the Court noted:

> Appellate courts rarely hear ineffective assistance of counsel claims on direct review. Indeed, '[i]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.' United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Therefore, the waiver exception recognized in Attar applies only to a very narrow category of cases. In contrast, a rule that defendants are unable to waive their right to bring an ineffective assistance claim in a § 2255 would create a large exception to the scope of § 2255 waivers. In fact, such an exception would render all such waivers virtually meaningless because most habeas challenges can be pressed into the mold of a Sixth Amendment claim on collateral review. The Fifth Circuit has recognized this dynamic by noting that '[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.' United States v. White, 307 F.3d 336, 344 (5th Cir. 2002).

Braxton, 358 F.Supp.2d at 503.

The Western District of Virginia further noted that the Tenth Circuit has also distinguished collateral-attack waivers from the situation in Attar and that the Fourth Circuit's holding in United States v. Broughton-Jones, 71 F.3d 1143,1147 (4th Cir. 1995), also supports such distinction. Braxton, 358 F.Supp.2d at 503, n. 2. Finally, the Braxton Court found it persuasive that the majority of circuits to have confronted this question "have held that collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver, are waivable." Id. at 503. (collecting cases).

During the Rule 11 colloquy in the case at hand, the Court specifically inquired whether petitioner understood her waiver of appellate rights contained in the plea transcript. (Plea transcript p. 11 & 15). This inquiry appropriately established that petitioner knowingly and voluntarily waived her right to appeal. See United States v. Ward, 2008 WL 906012 (C.A.4 (W.Va.)). However, the court did not inquire as to whether petitioner understood that, under the plea agreement, she was waiving her right to seek post conviction relief by filing a habeas corpus petition under Title 28, United States Code, Section 2255. Therefore, as the preceding review of cases indicate, petitioner did not validly waive her right to file this instant petition. Accordingly, it will be given full consideration.

**D.     Claim 1: Whether Counsel Rendered Ineffective Assistance in Advising Petitioner to Plead Guilty.**

Petitioner claims that her counsel rendered ineffective assistance because counsel advised petitioner to plead guilty as opposed to going to trial. Petitioner maintains that such advice made her feel pressure to plead guilty, which she did against her will.

Claims of ineffective assistance of counsel are measured under a two-part analysis

outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that her counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, the petitioner must demonstrate she was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

In evaluating a post guilty plea of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. Blackledge v. Allison, 431 U.S. 63, 74–75 (1977). A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden–he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), cert. denied, 488 U.S. 843 (1988).

At petitioner's Rule 11 hearing, Judge Broadwater engaged in the following colloquy with petitioner regarding counsel's effectiveness:

11

| | | |
|---|---|---|
| THE COURT: | | Has the law firm of Kevin Mills adequately represented you in this matter? |
| THE DEFENDANT: | | Yes, sir. |
| THE COURT: | | Is there anything that they did that you think that they did improperly, or anything they should have done that they didn't do? |
| THE DEFENDANT: | | No, sir. |

(Plea transcript p. 25). Petitioner made the preceding remarks, under oath, indicating satisfaction with counsel's services. Petitioner has failed to identify any error of counsel, let alone offer any evidence that counsel erred and but for the error, petitioner would have proceeded to trial. Petitioner is therefore bound by her statements indicating satisfaction with counsel's services.

Petitioner maintains that counsel's advice that petitioner plead guilty amounts to ineffective assistance of counsel because the advice influenced her to plead against her will. Such a bald assertion resoundingly fails. "When counsel has advised the defendant to plead guilty, a defendant who has heeded such advice may not subsequently collaterally attack the voluntariness of the guilty plea, so long as counsel's advice was 'within the range of competence demanded of attorneys in criminal cases." Brewer v. Peyton, 431 F.2d 1371, 1374–1375 (4th Cir. 1970) (citing McMann v. Richardson, 397 U.S. 759 (1970)). Petitioner has not identified anything for the Court which would indicate that counsel's advice was outside of the range of competence. Moreover, the Court has previously found that the petitioner's plea was made freely and voluntarily, and without any further evidence to the contrary, the finding stands. (Plea transcript p. 26).

**E.    Claim 2: Whether Petitioner's Sixth Amendment Rights Were Violated When Counsel Failed to Timely Inform Petitioner of Her Right to File for Rehearing or Writ of Certiorari**.

Petitioner claims that counsel failed to timely inform her of her right to file a petition for

rehearing and her right to "file with the Supreme Court of the United States."

After an adverse appellate judgment, appointed counsel must inform appellant in writing of his right to petition the Supreme Court of the United States for a writ of certiorari. Wilkins v. United States, 441 U.S. 468, 469 (1979); See also Proffitt v. United States, 549 F.2d 910, 913–914 (4th Cir. 1976), cert. denied, 429 U.S. 1076 (1977) (citing Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964, Part VI (B)(2); F.R.Cr.P. 44(a); Doherty v. United States, 404 U.S. 28 (1971)). Counsel must prepare for filing in the Supreme Court and transmit to the defendant, a timely petition for such a writ if requested by the defendant to do so. Id. Petitioner does not contest that counsel failed to notify her of her right to petition for a writ of certiorari within the time frame to file a writ, rather petitioner seems to insist that counsel should have informed her sooner. Counsel complied with his duty of informing petitioner, and because petitioner does not indicate that she ever requested her counsel to file a writ and counsel subsequently ignored the request, this claim is without merit.

With respect to petitioner's argument that counsel did not timely inform her of right to petition for rehearing, there again appears to be no error. Petitioner is not contesting that counsel failed to notify her of her right to petition for a rehearing, rather petitioner complains that counsel informed her of her right to file a petition for rehearing on the final day for filing such a petition. The timeliness of counsel informing petitioner of the right to petition the Circuit Court of Appeals for a rehearing is not constitutionally protected when the petitioner does not set forth grounds for a recognized assignment of error. In United States v. Masters, the Court noted that "[The Fourth Circuit's Plan in Implementation of the Criminal Justice Act of 1964] does not

13

specifically require court-appointed counsel to file a petition for rehearing if requested by his client." United States v. Masters, 1992 WL 232466 at *3 (C.A.4 (N.C.)). Here, petitioner does not even assert that she ever requested her counsel to file a petition, so the timeliness of when petitioner received the information is immaterial because petitioner cannot claim that she was prejudiced by the loss of an appellate right.

Nevertheless, because this Court could find no particular holding in the Fourth Circuit regarding counsel's responsibilities surrounding petitions for rehearing, the Court will consider the standards of other circuits. Petitioner's claim would even fail under a more stringent standard for the conduct of appellate counsel, such as the Seventh Circuit. See United States v. Shaaban, 514 F.3d 697, 699 (7th Cir. 2008)(citing Seventh Circuit Criminal Justice Act Plan, § V. 3)("[The Seventh Circuit's] Criminal Justice Act Plan explains that it is counsel's duty to file a petition for rehearing if a defendant requests that counsel do so and there are reasonable grounds for such a petition."). Not only did petitioner not assert that she ever requested her counsel to file a petition, but petitioner does not set forth grounds upon which the petition could have been filed. See U.S.Ct. of App. 4th Cir. Rule 40(b), U.S.C.A, requiring that one of the four situations exist for the filing of a petition for rehearing in the United States Court of Appeals for the Fourth Circuit:

> i. A material factual or legal matter was overlooked in the decision.
> ii. A change in the law occurred after the case was submitted and was overlooked by the panel.
> iii. The opinion is in conflict with a decision of the Untied States Supreme Court, this Court, or another court of appeals and the conflict is not addressed in the opinion.
> iv. The proceeding involves one or more questions of exceptional importance.

Therefore, merely wishing to know of a right sooner is not tantamount to losing the right when

there is still time to exercise it.

## F. Whether Petitioner May Withdraw Her Guilty Plea

Based upon petitioner's aforementioned contentions, petitioner requests that her plea be withdrawn. While Rule 11(e) of the Federal Rules of Criminal Procedure permits the withdrawal of the guilty plea on collateral attack, a defendant does not have an absolute right to withdraw a guilty plea. It is the defendant's burden to show a fair and just reason for withdrawal under Rule 11. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). The Fourth Circuit has noted six factors in determining whether a defendant meets her burden to withdraw the plea: (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources. Id. (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

Considering each factor in turn, no factor weighs in petitioner's favor. (1) On appeal, the United States Court of Appeals for the Fourth Circuit concluded that petitioner knowingly and voluntarily waived her right to appeal, which should foreclose such an argument that petitioner's plea was not knowing or involuntary. See United States v. Ward, 2008 WL 906012 (C.A.4 (W.Va.)). Even so, petitioner has not offered evidence that her plea was unknowing or involuntary. (2) Petitioner has not asserted legal innocence; (3) Petitioner only wants to withdraw her plea after first pleading guilty, being sentenced, appealing, and having the sentence and conviction affirmed on appeal. Over a year has lapsed between the time that petitioner

15

entered her plea (May 3, 2007) and when petitioner filed her Motion Under 28 U.S.C. § 2255 (May 12, 2008) requesting withdrawal of her plea. (4) For the aforementioned reasons explained in Parts D and E of the Analysis in this Report and Recommendation, petitioner has not demonstrated ineffective assistance of counsel. (5) Withdrawal of a guilty plea would likely prejudice the government, not only because of the finality that a plea agreement usually brings, but because the government would not receive its end of the bargain. Moreover, the underlying prosecution of petitioner was the result of a detailed investigation of the Internal Revenue Service. (6) Withdrawal of the guilty plea will inconvenience the Court and waste judicial resources, particularly when the petitioner has not demonstrated any error or cognizable ground for relief. Petitioner seems disappointed that she received an eighteen month prison sentence after voluntarily pleading guilty and now wants a chance to see what would happen if she took her case to trial. The Federal Courts are not used for such purposes.

## IV. **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody be **DENIED** and dismissed from the docket.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1);

16

Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as shown on the docket.

DATED: January 2, 2009

       /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE